**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CHRISTOPHER FRENCH,

      Petitioner,

v.                                                      Case No:  8:15-cv-2467-T-30MAP
                                                 Crim. Case No: 8:09-cr-434-T-30MAP

UNITED STATES OF AMERICA,

      Respondent.

_____/

## <u>ORDER OF DISMISSAL</u>

THIS CAUSE is before the Court on Petitioner Christopher French's Motion, under 28 U.S.C. § 2255, to Vacate, Set Aside, or Correct Sentence (CV Dkt. 1), and the Government's Response (CV Dkt. 7). Petitioner seeks relief in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), defining violent felony as a crime that "involves conduct that presents a serious potential risk of physical injury to another," is unconstitutionally vague. *See Johnson*, 135 S. Ct. at 2563. Petitioner's motion makes other arguments, as well. Broadly construing the motion in Petitioner's favor, the Court interprets it as advancing three grounds for vacating Petitioner's sentence. Petitioner argues, first, that after *Johnson*, his prior criminal offenses no longer qualify as predicate offenses for enhanced sentencing under the ACCA. Second, he argues that the predicate offenses the Court used to enhance Petitioner's sentence under

the ACCA were in fact only one offense, and thus Petitioner is not a career criminal as defined by the ACCA. And third, Petitioner argues that because his counsel did not raise this one-offense argument, Petitioner suffered from ineffective assistance of counsel. The Court has reviewed the Supreme Court's *Johnson* decision and other relevant law, Petitioner's motion, the Government's response, and the record. As explained below, Petitioner's claims fail on the merits and are likewise untimely. In short, although *Johnson* invalidated the characterization of certain crimes as felonies, the case had no effect on *Petitioner's* predicate felonies, and indeed there were four felonies, not one. Petitioner's motion will be denied.

## BACKGROUND

On September 22, 2009, an indictment charged Petitioner with being a convicted felon and knowingly possessing a firearm, a violation of 18 U.S.C. §§ 922(g)(1) and 924(e). On that sole count, Petitioner entered a plea of guilty, which the Court accepted.  (CR Dkts. 26, 29, 30).

Petitioner was sentenced on April 2, 2010.  (CR Dkt. 32). As indicated in a pre-sentence report, Petitioner had been previously convicted of four violent felonies—namely, aggravated burglary under Tennessee state law. On the basis of those convictions, the Court imposed a sentence of 180 months' imprisonment, 15 years, the statutory minimum for those who qualify as having three prior drug offenses or violent felony convictions under the ACCA. At the time of sentencing, the ACCA defined a "violent felony" as follows:

> Any crime punishable by imprisonment for a term exceeding one year, or
> any act of juvenile delinquency involving the use or carrying of a firearm,

2

knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that —

(i)     has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii)    is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Petitioner did not file a direct appeal.

## **DISCUSSION**

Now Petitioner seeks relief under 28 U.S.C. § 2255, which permits prisoners in custody to collaterally challenge the sentences imposed on them as unconstitutional. Petitioner's motion was filed on October 19, 2015, well outside the one-year period within which to file such a motion, beginning on the day the judgment of conviction becomes final. *See* 28 U.S.C. § 2255(f)(1). Petitioner contends, however, that his motion is timely under § 2255(f)(3), which states that the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The newly recognized right asserted by Petitioner is the Supreme Court's recent decision in *Johnson*, 135 S. Ct. at 2563. There, the Supreme Court concluded that the final, "residual" clause of the ACCA was unconstitutionally vague. (CV Dkt. 1). And that right was made retroactive by another Supreme Court decision, *Welch v. United States*, 136 S. Ct. 1257 (2016). Petitioner argues that the retroactive *Johnson* holding applies to his sentence and, specifically, makes it unconstitutional.

The Court finds that it does not, primarily because Petitioner's reading of *Johnson* is too sweeping. *Johnson* invalidated only predicate felonies that fell within the ACCA's residual clause, those past offenses "involv[ing] conduct that presents a serious potential risk of physical injury to another." Offenses that met the ACCA's definition of "violent felony" in some other way were left untouched by the decision.

Among these offenses are Petitioner's four convictions, under Tennessee law, for aggravated burglary. That law, Tennessee Code 39-14-403, defines the crime of aggravated burglary as "burglary of a habitation." And habitation includes "any structure, including buildings, module units, mobile homes, trailers, and tents, which is designed or adapted for the overnight accommodations of persons." Tenn. Code Ann. § 39-14-401.

Meanwhile, the ACCA—the portion not invalidated by *Johnson*—enumerates certain offenses that qualify as "violent felonies." Among them is the offense of "burglary." The Supreme Court has held that "an offense constitutes 'burglary' for purposes of a § 924 sentence enhancement if either its statutory definition substantially corresponds to 'generic' burglary, or the charging paper and jury instructions actually required the jury to find all the elements of generic burglary . . . ." *Taylor v. United States*, 495 U.S. 575, 602 (1990). "Generic burglary" is one "having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Id.* at 599. As the Court concluded in a more recent case, generic burglary is "the offense as commonly understood." *Descamps v. United States*, 133 S. Ct. 2276, 2292 (2013).

The Court of Appeals for the Sixth Circuit has held that Tennessee's aggravated burglary offense, the one for which Petitioner was convicted, qualifies as generic burglary.

4

*United States v. Priddy*, 808 F.3d 676, 684 (6th Cir. 2015) (quoting *State v. Langford*, 994 S.W.2d 126 (Tenn. 1999) (interpreting statute to include "inten[t] to commit a felony)). And the Eleventh Circuit, while evaluating a similar Florida statute, has similarly concluded that "entering a structure with the intent to commit a crime . . . fits the definition of a generic burglary." *United States v. Bush*, 437 F. App'x. 820, 822 (11th Cir. 2011); *see also Brand v. United States*, No. 8:14-cv-245-T-30TGW, 2014 WL 2968682, *3 (M.D. Fla. June 30, 2014). Petitioner has advanced no compelling reason—and the Court can find no reason—why this precedent should not be followed. *See Brand*, 2014 WL 2968682, at *3. The Tennessee law for which Petitioner was convicted four times constitutes a "generic burglary" as defined by the Supreme Court. It therefore falls within the definition of "burglary" as enumerated in the ACCA. *Johnson*, in other words, had no effect on the categorization of that offense as a violent felony. The new rule issued in *Johnson* does not apply to Petitioner's predicate offense and does not afford Petitioner any relief.

This conclusion also means that Petitioner's ACCA-enhancement claim, filed roughly five years after his sentence and conviction became final, is untimely. *See* 28 U.S.C. § 2255(f). So, too, are his second and third claims—that his convictions should only count as one conviction, and that his attorney was ineffective for failing to make this argument. *See* 28 U.S.C. § 2255(f); *see also Zack v. Tucker*, 704 F.3d 917, 926 (11th Cir. 2013) (holding that habeas petitions should be reviewed for timeliness on a claim-by-claim basis). They can be denied on this basis alone, and because Petitioner has not presented newly discovered evidence or otherwise made a case for tolling the statute of limitations, the Court will deny the claims as untimely.

5

The Court can more easily bear the weight of this decision, and its preclusive effect, because Petitioner's second and third arguments, in any event, fail on the merits. According to the pre-sentence report, which, at his sentencing hearing, Petitioner acknowledged as being accurate, Petitioner pled guilty in 2000 to four counts of aggravated burglary in Tennessee state court. Again according to the pre-sentence report, those burglaries occurred on three different days to at least three different residences. (PSR, at ¶¶ 34-35). These findings are confirmed by the Tennessee indictment charging Petitioner in that case, copies of which the Government has provided with its response to Petitioner's motion. *See United States v. Sneed*, 600 F.3d 1326, 1333 (11th Cir. 2010) (approving the use of indictments to prove the on-different-occasions aspect of predicate offenses).

An ACCA enhancement requires predicate offenses that were committed "on occasions different from one another." 18 U.S.C. § 924(e). According to the Eleventh Circuit, offenses "are considered distinct if some temporal break occurs between them." *United States v. Weeks*, 711 F.3d 1255, 1262 (11th Cir. 2013). This is true "even when the gaps are small." *Id.*

Here, the gaps between offenses are indeed small, mere days apart, but they are gaps nonetheless. With indictments and judgments from the Tennessee courts, and the pre-sentence report, the Government has demonstrated that Petitioner's predicate offenses were distinct.

The Court acknowledges Petitioner's argument that he received only one concurrent sentence for these offenses. But the law does not view this kind of sentence merger the way Petitioner does, as merging the convictions themselves. *See Weeks*, 711 F.3d at 1262.

6

Because Petitioner's arguments regarding the distinctiveness of his predicate offenses are inconsistent with the law, his claim that his counsel was ineffective for failing to make these arguments must fail. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984) (concluding that courts need not evaluate the prejudice to a client caused by his counsel's performance if his counsel's performance was not objectively deficient).

## CONCLUSION

For these reasons, it is **ORDERED AND ADJUDGED** that:

1.      Petitioner Christopher French's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) is DENIED.

2.      The Clerk is directed to deny all pending motions and close this case.

3.      The Clerk is directed to terminate from pending status the motion to vacate found at Dkt. 34 in the underlying criminal case, case number 8:09-cr-434-T-30MAP.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1). A district court must first issue a certificate of appealability ("COA").  *Id.*  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  *Id.* at § 2253(c)(2). To make such a showing, Petitioner "'must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473,

484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted).  Petitioner has failed to meet this burden.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** in Tampa, Florida on this 15th day of August 15, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record